```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

| | |
|---|---|
| ADRIENNE RIVERS, | § |
| | § |
| Plaintiff, | § |
| | §   Civil Action No. 3:08-CV-1612-D |
| VS. | § |
| | § |
| KROGER TEXAS L.P., et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this removed negligence and premises liability action, plaintiff Adrienne Rivers ("Rivers") sues defendants Kroger Texas L.P. and The Kroger Co. (collectively, "Kroger") for injuries she allegedly suffered when she slipped and fell while shopping at a Kroger grocery store. Kroger moves for summary judgment. For the reasons that follow, the court grants the motion in part and denies the motion in part.

I

Rivers slipped in a puddle of clear liquid when walking down the beverage aisle of a Kroger grocery.[1] After Rivers cried out, a vendor saw her and sought help. A Kroger Assistant Manager, Kyle Eerisse ("Eerisse"), and a younger employee wearing an apron

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to Rivers as the summary judgment nonmovant and draws all reasonable inferences in her favor. *E.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

arrived where Rivers had slipped. She was still lying on the floor. Eerisse pulled the younger employee to the side, and Rivers allegedly overheard Eerisse say, "I thought I told you to get that up earlier." P. App. 10. Kroger employees later found an open container of water near where Rivers fell. Rivers asserts that, as a result of the fall, she has suffered injuries to her back, right arm, and right leg, including a herniated disc and multiple bulged discs, and has incurred significant medical expenses.

Rivers brings a negligence claim against Kroger, and she apparently offers two theories of liability to support her claim: negligent activity and premises liability. Kroger moves for summary judgment, contending that Rivers cannot prevail under either theory of recovery. Rivers opposes the motion.[2]

II

Because Kroger will not have the burden of proof on Rivers' claim at trial, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Kroger does so, Rivers must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.*

---

[2]Rivers originally filed a summary judgment response on June 22, 2009, and Kroger filed its reply on July 7, 2009. After the court ordered Rivers to remedy deficiencies in her briefing, she filed corrected pleadings. Kroger then notified the court that it would stand on its July 7 reply.

at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Rivers' favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Rivers' failure to produce proof as to any essential element renders all other facts immaterial.  *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if Rivers fails to meet this burden.  *Little*, 37 F.3d at 1076.

III

Rivers has not adduced evidence that would allow her to recover under a negligent activity theory.  Under Texas law, which applies in this case, "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."  *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).  Rivers asserts that she slipped in a puddle of water that was left on the floor.  She does not allege, much less provide evidence showing, that she was injured by an activity of Kroger.  Her negligence claim is therefore dismissed.

IV

Rivers has adduced evidence, however, that would allow a reasonable jury to find in her favor under the premises liability theory.

- 3 -

When the injured party is an invitee, which Rivers was, she can recover under the premises liability theory by establishing that (1) the defendant had actual or constructive knowledge of a condition on its premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the risk, and (4) the defendant's failure to use such care proximately caused her injuries. *Harvey v. Racetrac Petroleum, Inc.*, 2009 WL 577605, at *1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.) (quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)).  Genuine issues of material fact exist as to all of these elements.[3]

Rivers attests that, as she was still lying on the floor, she overheard Eerisse tell another Kroger employee, "I thought I told you to get that up earlier."  *See* P. App. 10.  Based on this evidence, a reasonable jury could find that Kroger had actual knowledge of the puddle.  Kroger attempts to argue that by "earlier," Eerisse could have been referring to the period *after* Rivers fell.  Not only could a reasonable jury find otherwise, it is doubtful that, assuming it finds Rivers' testimony to be credible, a reasonable jury would accept this interpretation of the evidence.

---

[3]When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact.  *See, e.g.*, *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.).

Kroger also asserts that Rivers has not provided evidence of how long the spill was there before she fell, but this fact is not controlling when, as here, there is evidence of actual notice.

A reasonable jury could also find that the puddle posed an unreasonable risk of harm.  When an invitee slips in a puddle of water on a store floor, Texas courts consistently hold that the puddle poses an unreasonable risk of harm.  *See, e.g.*, *Nat'l Convenience Stores, Inc. v. Erevia*, 73 S.W.3d 518, 522-23 (Tex. App. 2002, pet. denied); *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 668 (Tex. App. 1999, pet. denied).

Because Rivers has adduced evidence that Eerisse knew about the puddle and that Kroger neither remedied the situation nor warned customers about it, a reasonable jury could find that Kroger did not exercise reasonable care to reduce or eliminate the risk.  Kroger contends that, because Rivers has not designated an expert to testify concerning what care Kroger should have taken, Rivers cannot establish the lack of reasonable care.  "Expert testimony is only necessary when the alleged negligence is not within the experience of laymen."  *Wackenhut Corrs. Corp. v. de la Rosa*, ___ S.W.3d ___, 2009 WL 866791, at *21 (Tex. App. Apr. 2, 2009, no pet. h.) (citing *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 355 (Tex. 1987)).  Expert testimony is not necessary for a jury to find that it is unreasonable for a grocery store, with actual knowledge that a water puddle exists in an aisle traversed by customers, to

leave the puddle in place or to fail to warn customers of its presence.  This fact is within the ken of lay jurors.

Finally, a reasonable jury could find that Kroger's failure to exercise reasonable care proximately caused Rivers' injuries, which she asserts were sustained when she slipped in the puddle and fell to the floor.

\*   \*   \*

Kroger is entitled to summary judgment dismissing Rivers' negligence claim.  Rivers has adduced evidence creating a genuine issue of material fact as to each element of Rivers' premises liability claim.  Accordingly, the court grants in part and denies in part Kroger's June 1, 2009 motion for summary judgment.

**SO ORDERED.**

August 21, 2009.

*[signature: Sidney A. Fitzwater]*
SIDNEY A. FITZWATER
CHIEF JUDGE